**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Sports Management, Inc., | CV 13-00722-PHX-PGR |
| Plaintiff, | |
| v. | **ORDER** |
| Zlatko Redzic, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Strike Defendant's Answer (Doc. 16).

Plaintiff Innovative Sports Management Inc., filed a complaint on April 10, 2013, alleging that Defendants Zlatko Redzic and Gerge Salvaridis, individually and doing business as George's Famous Gyros, violated the Communications Act of 1934, 47 U.S.C. § 605, et seq., and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, et seq., by unlawfully intercepting and exhibiting a closed circuit telecast for which Plaintiff had exclusive distribution rights. (Doc. 1.) Defendants did not appear or otherwise respond to the complaint. On June 13, 2013, Plaintiff applied for entry of default. (Doc. 13.) Default was entered on June 14, 2013. (Doc. 14.) On June 26, 2013, Defendants filed an answer to the complaint. (Doc. 15.)

## DISCUSSION

An entry of default cuts off a defendant's right to appear in an action or present evidence. *Clifton v. Tomb,* 21 F.2d 893, 897 (4th Cir. 1927); *see, e.g.*, *Great American Ins. Co. v. M.J. Menefee Const., Inc.*, No. CV F 06-392-AWI-DLB, 2006 WL 2522408, at *2 (E.D.Cal. August 29, 2006). However, a defendant may file a motion to set aside the default.

In their response to Plaintiff's motion to strike, Defendants ask the Court to set aside the entry of default.[1] (Doc. 17.) The Court may do so "for good cause." Fed.R.Civ.P. 55(c). Good cause exists where the defendant is not culpable, where he has a meritorious defense, or where the plaintiff would not be prejudiced. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). The Court finds that these factors favor setting aside the default and denying Plaintiff's motion to strike Defendants' answer.

Defendants were not culpable because their failure to file a timely answer was not a product of bad faith. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). Defendants have alleged "sufficient facts" to support a meritorious defense, *id.* at 700, stating that their restaurant did not intercept the program and in fact "lacks cable television service" (Doc. 17 at 2). Finally, Plaintiff will not be prejudiced by setting aside the default because its ability to pursue its claims will not be hindered. *TCI Group*, 244 F.3d at 701.

Accordingly,

IT IS ORDERED denying Plaintiff's motion to strike (Doc. 16).

IT IS FURTHER ORDERED setting aside entry of default (Doc. 14).

DATED this 3rd day of September, 2013.

Paul G. Rosenblatt
United States District Judge

---

[1] While Defendants did not formally move to set aside the default, their opposition to the motion to strike the answer has similar effect. *A.F. Holdings LLC v. Skoda*, No. 2:12-cv-1663-JAM-JFM, 2013 WL 460431, at *2 (E.D.Cal., February 5, 2013) (citing *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 385–86 (7th Cir. 2008).