**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Sports Management, Inc., ) | CV 13-00722-PHX-PGR |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Zlatko Redzic, et al., ) | |
| Defendants. ) | |

Before the Court is Plaintiff's motion for summary judgment. (Doc. 31.) Defendants filed a response in opposition. (Doc. 34.) The motion is granted for the reasons set forth herein.

## DISCUSSION

On April 10, 2013, Plaintiff, a distributor of sports programs, filed a complaint alleging violations of the Federal Communications Act, 47 U.S.C. § 605, and the Cable & Television Consumer Protection and Competition Act, 47 U.S. § 553, as well as a claim for conversion (Doc. 1.) The complaint alleges that Defendants, owners of George's Famous Gyros, unlawfully intercepted and displayed the closed circuit telecast of a soccer game, *Honduras v. Costa Rica World Cup Qualifier Game* (the "Program"), on April 11, 2012, for which Plaintiff had exclusive distribution rights. (*Id.*)

Defendants did not appear or otherwise respond to the complaint. On June 13, 2013, Plaintiff applied for entry of default, and default was entered on June 14, 2013. (Docs. 13, 14.) On June 26, 2013, Defendants filed an answer to the complaint, which Plaintiff moved

to strike. (Docs. 15, 16.) On September 3, 2013, the court denied the motion and set aside entry of default. (Doc. 22.)

Subsequently counsel for Defendants moved to withdraw (Doc. 27), and the Court granted the motion on January 21, 2014. (Doc. 30.) Plaintiff filed the pending motion on March 14, 2014, seeking summary judgment on its claim under 47 U.S.C. § 605. (Doc. 31.)

**1.     Summary Judgement Standard**

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id.* The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 257 (1986).

**2.     Analysis**

The Federal Communications Act, 47 U.S.C. § 605 *et seq.,* prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming. *See DirecTV, Inc. v. Webb*, 545 F.3d 837, 843 (9th Cir. 2008) (explaining that § 605 prohibits "unauthorized reception or interception of television programming."). Liability under § 605 requires proof that defendant has "(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication by the plaintiff." *Cal. Satellite Sys. v. Seimon,* 767 F.2d 1364, 1366 (9th Cir. 1985).

Plaintiff has presented evidence, through affidavits of its President, Doug Jacobs (Doc. 33), and the investigator who observed the broadcast (Doc. 31-3), that Plaintiff was

granted the exclusive commercial distribution rights to the Program and that Defendants intercepted and exhibited the Program at their restaurant without paying a commercial licensing fee to Plaintiff or gaining permission from Plaintiff to broadcast the Program. (Doc. 32, ¶¶ 2, 6–8; *see* Doc. 33, ¶ 3.) Moreover, based on Defendants' failure to respond to Plaintiff's requests for admissions, these matters are deemed admitted and conclusively established. Fed. R. Civ. P. 36(a)(3) and (b).

Defendants filed a pro se response to the motion for summary judgment, in which they acknowledge showing the Program but state that it "was available on the internet" and no authorization was necessary to access it; they also assert that it was Plaintiff's investigator who asked them to turn the Program on. (Doc. 34.) These statements are insufficient under Fed. R. Civ. P. 56(c)(1)(A), which requires an assertion to be supported by citation to materials in the record, and LRCiv. 56.1(b), which requires a party opposing a motion for summary judgment to file a separate controverting statement of facts.[1]

Rule 56(e)(3) provides that when a party "fails to properly address another party's assertion of fact," a court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).[2] "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec,* 854 F.2d 1538, 1545 (9th Cir. 1988).

---

[1] While the Ninth Circuit upholds a "policy of liberal construction in favor of pro se litigants," *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998), the court is also clear that a *pro se* litigant must "abide by the rules of the court in which he litigates,"*Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (quotation omitted).

[2] On May 2, 2014, Defendants filed a motion seeking an extension of time to "reply" to the summary judgement motion and to answer the requests for admission. (Doc. 37.) Defendants having already filed a response to the summary judgment motion, the Court will deny this request as untimely.

In light of the facts cited by Plaintiff, Defendants' admissions, and Defendants' failure to offer controverting facts, the Court will grant summary judgment on Plaintiff claim alleging a violation of 47 U.S.C. § 605.

**3.     Damages**

Plaintiff seeks damages under § 605, which provides for statutory damages of not less than $1000 and not more than $10,000, and enhanced damages of up to $100,000 where the violation was willful and for purposes of commercial advantage or private gain. 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii). In determining whether a defendant's conduct is subject to enhanced damages, courts assess factors such as prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast. *G & G Closed Circuit Events, LLC v. Soofi*, No. 12-CV-1282-PHX-PGR, 2013 WL 173789, at *2 (D.Ariz. January 16, 2013).

According to affidavit submitted by Plaintiff's investigator, the Program was shown on a 42" television. (Doc. 31-3.) The sound was not on, and "ethnic music" was playing in the background. *Id.* The establishment had a capacity of about 30 people. *Id.* There were between two and four patrons present during the hour the investigator spent at the establishment. *Id.* She paid no cover charge, and purchased a burger and drink for six dollars. *Id.* The affidavit does not indicate whether any of the patrons were actually viewing the Program.

Given these circumstances the Court will award the statutory minimum and deny enhanced damages. There is no evidence that Defendants showed the Program for commercial advantage or private gain.

Plaintiff also seeks conversion damages in amount of $750, which is the commercial fee for the right to broadcast the Program. (Doc. 31-1 at 17.) The Court will award this amount. *See J & J Sports Productions Inc. v. Vargas*, No. 11-CV-2229-PHX-JAT, 2013 WL 1249206, at *4 (D.Ariz. March 27, 2013).

**CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 31) is granted. The Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendants in the amount of $1,750. Plaintiff may move for attorney's fees as provided in the Local Rules of Civil Procedure.

**IT IS FURTHER ORDERED** denying Defendants' motion for an extension (Doc. 37).

DATED this 6th day of May, 2014.

Paul G. Rosenblatt
United States District Judge